Thank you. May it please the court. This appeal involves the question of what event triggers the government's obligation to agree to a third-level downward adjustment for Mr. Clark's acceptance of responsibility under Section 1A.2 of the party's plea agreement. If the government's position is accepted, it would have no obligation, therefore the government's promise would have been illusory. It's Mr. Clark's position that the triggering event was the district court's finding at sentencing that Mr. Clark, quote, qualifies and continues to qualify for acceptance of responsibility under Section 1A.2 of the party's plea agreement. If the court looks at the language of that particular section, it says that the parties agree that the United States will recommend no greater than 70 months for the count one, that's the firearms, and that language of will recommend no greater must be construed with the language in the other part of that section, quote, will agree to the three-level reduction for acceptance of responsibility. The government's position is that there was no breach and there was no clear breach, but there are two interpretive principles that the court should apply to show that the government's claims of no breach and no clear breach should be rejected. Mr. Clark, or Mr. Hackett, can I interrupt you with a question? As I understand the case law, the third single-level reduction is essentially triggered only if the government actually moves for that reduction, and as I understand the case law, the government is not required to move for that third-level reduction if it has a legitimate nondiscriminatory or impermissible reason for doing so. And the record suggests that the government did not make that motion because your client made false statements to the probation officer about prior military service, which was part and parcel of his modus operandi from this continuing series of frauds that he engaged in. Doesn't that end a legal inquiry here that the government is not obligated to make that motion on the basis of that ground? In addition, Clark's statements do not rise to the level for an adjustment under obstruction of justice. What that means is, as a matter of law, under Annotation Note 4 to Section 3E1.1, there was no violation of that annotation note, and any ambiguities in the language of the plea agreement, which the government writes, has to be construed in Mr. Clark's favor and against the government. And the citation for that is United States v. Ellis, 641 Bed 3, 411 at 417. I would concede that had the false, and also at the time of argument, the prosecutor conceded that Mr. Clark made no statements about the offenses to which he had pled guilty. That was not even addressed when he was interviewed by the pre-sentence report writer. If I could interject, it seems to me your argument suggests that the government was required to notify the court or obtain approval by the court not to move. Is that your argument? Well, that's part of the argument. Well, my response to that, sir, is that under Whitney, in its clear breach analysis, one of the cases it cited to was Franco v. Lopez, 312 Federal 3rd at 988, 9889, quote, recognizing that the government may breach its obligations under its plea agreement by complying with the explicit terms of the agreement in such a way that it renders it unconstitutional. In other words, its promise is illusory. What Mr. Clark's position is, that if basically that position of the government is accepted by the court, it renders nugatory and illusory its promise under Section 1A2 that it will, quote, agree to the three- Mr. Hackett, Mr. Hackett, let me ask just a little bit different question, trying to get at the same point. You agree, don't you, with Judge Tallman's summary of the case law that says the government has the discretion whether or not to move for the third point, and the court can't grant the third point unless the government makes a motion. You agree that that's our case law, don't you? Well, Your Honor, I'm certainly not going to disagree with that being the case law, but I'm saying that the government- No, I haven't made my point yet. Now, it seems to me that if that's the case law, you're saying that under this plea agreement, right, under the paragraph that governs acceptance of responsibility, in other words, that provision says that if Section 3E1.1 applies, the government will move. Are you saying that by entering into this agreement, sort of, you know, the government gave up its discretion whether or not to move, but committed itself to move if objectively those conditions were met? Yes, under the literal terms of the agreement, in Section 1.8.2, it said if the government qualifies and continues to qualify, and that has to mean that the district court, not the government, makes that decision, otherwise the promise would be illusory. And by putting in the words, we'll recommend, together with the words, we'll agree to, that's in effect an express waiver of the ability not to move forward. They were obligated to move forward. That is Mr. Clark's position. What are you going to do with the paragraph that says, if at any time prior to the imposition of the sentence, he fails to fully satisfy or acts in a manner inconsistent with acceptance, the U.S. will not make or, if already made, will withdraw, not only the recommendation for the two-level reduction, but the motion for the third-level reduction? That language must be construed. There are temporal and functional ambiguities in this agreement that have to be construed in Mr. Clark's favor. Taking that section of the agreement on its face, it says prior to the imposition of sentence. That's the temporal ambiguity that the government is trying to argue to the court. And in Mr. Clark's position, the temporal ambiguity has to be construed in his favor. Under Section 1.8, it's uncontradicted. The government did argue lack of acceptance of responsibility to the district court, which rejected the arguments. The district court found Mr. Clark, under Section 1.8.2, quote, qualifies and continues to qualify. That didn't say qualified. And sometime in the past, it said qualifies. So functionally, the government was agreeing to cede the authority to determine that to the district court. Once the district court found that Mr. Clark, quote, qualifies and continues to qualify for acceptance of responsibility, the government, by the literal terms, quote, will agree to the three-level reduction for acceptance of responsibility. It's a clear expression. Even if the case law, as the court says it is, the government waived it. They're the ones who wrote the agreement to which Mr. Clark agreed. Under Manzo, Mr. Clark says that basically one of the interpretations is what did Mr. Clark reasonably agree to, or did he think he was agreeing to at the time he changed his plea? What Mr. Clark reasonably agreed to was he thought that not the government would be deciding if he had accepted and continued to accept responsibility at time of sentencing, but whether the court would accept that. Well, but just a minute. But just a minute. Even in the plea agreement to which you refer, there's nothing in there that says that if the court says U.S. S.G. 3E 1.1b applies, then the government is bound. It just says whether it applies or whether it doesn't or whether it acts in a manner inconsistent or whether it doesn't. And as Judge Tallman has effectively pointed out, our present law is, yeah, the government is bound at least to the first two because of what the court does, but I don't find any case that suggests that the government is all of a sudden bound just because of what the court says about the first two about what to do on the third. That's why the government is given discretion. Mr. Hackett, I'll give you, I'll let you answer that question, but your ten minutes are up, and I'll let you have an extra minute on rebuttal. Go ahead. If you want to respond to Judge Smith, go ahead. Yes. With respect, Your Honor, if that's the interpretation, then the promise that Mr. Clark signed was an illusory promise because the reasonable, literal interpretation of the words, quote, if defendant qualifies and continues to qualify for acceptance of responsibility, that basically that has to mean to have any non-illusory force that that decision is that of the court and not the government. Thank you. Thank you very much, Mr. Hackett. We'll hear from Mr. Cooper. Good morning. May it please the Court and counsel, I'm Stephen Cooper for the United States. We take up the focus the defendant has. Started with, which is whether or not there was a breach of the pedigree. At first, it would seem strange that if there had been one and it was all this clear, it would have been mentioned in the district court, but there wasn't a trace of any mention of it. And in addition, the United States noticed in its sentencing statement a week before the time of the sentencing that it found exactly this problem and that with the defendants acting in a manner inconsistent with acceptance of responsibility, that the court had no basis for finding acceptance and that the PSR had properly denied a reduction for acceptance. All that was put into the government's memorandum a week before the sentencing. And that was document 152 in the district court. Did the defendant get two points? He did get two points, and that's all the court could do. But that means the court recognized that he was eligible for acceptance of responsibility, doesn't it? Well, the court gave its reasons that the defendant had done a lot in moving the disposition along. He had agreed to plead to an information including all the out-of-state charges. What's your response to Mr. Hackett's point that, well, this whole – this part of the agreement is illusory because it's really sort of like an empty promise. In other words, you can make a promise, but you can decide on your own whether or not you're going to fulfill that promise. You say, no, you don't deserve it. There's no recourse, right? Isn't that an – is that an illusory promise? I don't believe that's an illusory promise. I think that it's straining the plain meaning of the words. This sentence, which the court referred to just a few minutes ago, if at any time prior to the imposition of sentence the defendant fails to fully satisfy the criteria 3E1 or acts in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw its recommendation in motion. That's very plain language. It doesn't suggest that the function of a party to make a recommendation or a motion is being surrendered to the court. It implies very clearly and only the opposite of that, which is that the United States will withhold its recommendation. It's up to a court to decide whether the defendant is accepted. It's up to a party to decide what to recommend, and this is only speaking of a recommendation and a motion. I'd like to just point out something parallel in the Supreme Court's holding, a very interesting parallel. It's Puckett v. U.S., which is cited in our brief at 556 U.S. There the government was confronted with very much the same thing as happened here. The defendant, before sentencing, reengaged in criminal conduct, but in that case the government was under an obligation, without exception, to recommend acceptance of responsibility. That was in the plea agreement. It didn't have the alternate clause that I just read, if then the United States may withdraw its recommendation. It wasn't there. The United States decided we cannot recommend, even though we were bound to because of criminal conduct. We, and then the United States, conceded that it was breaching the agreement in doing that, but felt that it was compelled. The Supreme Court said they needn't have conceded that they were breaching the agreement because the United States, under those conditions, was excused from performance, or at least if they had pressed that point, it may have convinced us, is the way the court put it. Therefore, they're saying, even without the alternate clause, which was just read here, the United States has a unilateral pretty much obligation to say, we are not going to go along with a requirement, even if it's in our plea agreement, to recommend acceptance the defendant reengages in criminal conduct. Mr. Cooper, if I understand your argument, then, if we were to agree that notwithstanding the court's granting of the two-level reduction, the government nonetheless was excused by virtue of this clause from moving for the third point reduction, is the government's position that there was no breach of the plea agreement, and therefore we should invoke the clause that says he's waived his appellate rights and simply dismiss the appeal? That is exactly the way it lines up, because there has to be a clear breach subject to plain error analysis before we can invalidate the waiver of appeal. If the plea agreement was not breached, that's the only ground on which we can invalidate the defendant's appeal, Mr. Clark's appeal waiver, and he hasn't asserted any other ground. So we're really stuck with that one. Let me ask you another question, Counselor. How did this question really impact the outcome of this case? I mean, whether he got another reduction or whether he didn't, was there any impact in this case? I mean, it seems to me in this case the district judge says, I'll give you two-level. The government didn't ask for anything else. That was a 57- to 71-month range, but the district court, based on different grounds, raised this whole sentence up to 106 months, and those grounds were he was a recidivist, he embarked on a crime spree, imposing 70 would have deterred nobody, and that the protection of the public and hopeful deterrence could only be made by racking this up a little bit. So what is the impact of this problem if there were one? It would be very fair to conclude that there is likely to be no impact because the judge, for the reasons the court has just stated, and particularly that's to be found on pages 48 and 49 of the excerpts of record in the sentencing transcript when the judge was questioned after having entered this sentence whether he should have issued a consecutive term or not. He said, I could have accomplished the same result by sentencing to 106 months on count one. I'm just saying 106 months is a fair sentence. The way I did it is the way I did it. I could get the same result by a different route. And then again says if it would make you feel any better, which it won't, I could have gone 106 months on count one and accomplished the result in the same way. He's saying that he believed that 106 months was the really necessary sentence for the reasons the court just alluded to, that the defendant's record was terrible, he'd been through similar offenses like this before and had a 70-month sentence and it did no perceptible good, and he needed more time to get his act together and get rehabilitated and proper treatment, and he decided 106 months. In other words, 70 plus half again. That's essentially what the court was thinking. And no matter what way we slice it, the court was still going to reach that result and already stated he would do so on a different ground if he had to. So I don't think there's any basis for saying that the plea agreement was violated. Clearly the language has nothing to do with the court's options but the party's options in making recommendations and motions. And secondly, it wouldn't likely make a difference in the sentence in any event. And I guess a subset of that is in the Puckett case also. They said that in a case where there is a reversion to criminal conduct, it is virtually against the fourth prong of the plain error analysis for a court to grant relief and grant further acceptance of responsibility, in this case further than was already granted. It would be contrary to the reputation of judicial proceedings to do a thing like that where the defendant reverts to criminal conduct. So that in itself stands as a kind of a suggestion by the Supreme Court that plain error is barred, plain error review is barred in a case where it involves reversion to criminal conduct. For these reasons, I believe the court should dismiss the appeal. Thank you. Thank you, Mr. Cooper. Mr. Hackett, I'll give you the final word. Thank you, Your Honor. On the questioning by the last justice, I'd just like to cite United States v. Myers, 32 Fed 3rd 411 at 413 and 9th Circuit, 1994, a case basically where it talks about that the harmless error rule does not apply to the law of contractual plea agreements. So I think the more important issue is did the government breach the plea agreement and was it a clear breach? I don't believe the government really answered the question as to whether or not its promise to move for a third level was or was not illusory. I think the government's failure to address that question head-on shows that the promise was, in fact, illusory. And basically, the government also made Mr. Clark's point that there's both temporal and functional ambiguities in the plea agreement that have to be construed in Mr. Clark's favor because the government just admitted that basically it was up to the district court to conclude whether or not Mr. Clark, quote, under Section 1.82, qualifies and continues to qualify for acceptance of responsibility. Once that finding was made. Mr. Hackett, your time has expired. I think we understand the parties' respective position. Thank you very much. The case just argued is submitted for decision.
judges: Tashima, Tallman, Smith